O
JS - 6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | | |
|---|---|---|
| JAMES L. BROOKS, | ) | No. CV 09-2421-CAS (PLA) |
| Petitioner, | ) | |
| v. | ) | **ORDER RE: SUMMARY DISMISSAL OF ACTION** |
| T. FELKER, Warden, | ) | |
| Respondent. | ) | |

On April 7, 2009, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254. The Petition challenges petitioner's 1997 conviction and sentence in the Los Angeles County Superior Court. (See Petition at 2, 5-6).

On December 14, 2000, petitioner filed a prior habeas petition in this Court, Case No. CV 00-13146-CAS (Mc), in which he challenged the same conviction and sentence that he challenges herein. The 2000 petition was dismissed, pursuant to the Judgment entered on December 11, 2001, as the petition was time-barred under 28 U.S.C. § 2244(d). The Ninth Circuit Court of Appeals granted a certificate of appealability. On June 10, 2005, the Ninth Circuit Court of Appeals affirmed this Court's Judgment.

/
/

1       A federal habeas petition is successive if it raises claims that were or could have been adjudicated on the merits in a previous petition. Cooper v. Calderon, 274 F.3d 1270, 1273 (9th Cir. 2001) (per curiam), cert. denied, 538 U.S. 984, 123 S. Ct. 1793 (2003). A second or subsequent petition for habeas corpus is not considered "successive" if the initial or prior petition was dismissed on a technical or procedural ground rather than on the merits. See Slack v. McDaniel, 529 U.S. 473, 485-87, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (holding that dismissal for failure to exhaust state remedies is not an adjudication on the merits). While it does not appear that the Ninth Circuit has yet held that a habeas petition dismissed on statute of limitations grounds is a dismissal "on the merits," Supreme Court authority supports a determination that such a dismissal should be treated as an adjudication on the merits. See Plaut v. Spendthrift Farm, Inc., 514 U.S. 211, 228, 115 S. Ct. 1447, 131 L. Ed. 2d 328 (1995) ("[t]he rules of finality, both statutory and judge made, treat a dismissal on statute-of-limitations grounds the same way they treat a dismissal for failure to state a claim, for failure to prove substantive liability, or for failure to prosecute: as a judgment on the merits."). Additionally, the Ninth Circuit has held that, for *res judicata* purposes, a dismissal on statute of limitations grounds can be considered a denial on the merits. In re Marino, 181 F.3d 1142, 1144 (9th Cir. 1999). This Court further observes that numerous district courts in the Ninth Circuit have found that if a first petition was dismissed as untimely, a subsequent petition is deemed "successive" under the Antiterrorism and Effective Death Penalty Act of 1996 ("the AEDPA"). See, e.g., Reyes v. Vaughn, 276 F.Supp.2d 1027, 1029 (C.D. Cal. 2003); Cate v. Ayers, 2001 WL 1729214, at *4 (E.D. Cal. Dec. 28, 2001) (stating that "the law is clear that a dismissal on statute of limitations grounds . . . operates as a final judgment on the merits," and finding that petition was successive because previous petition was dismissed as untimely). In light of the above, the Court concludes that because the dismissal of petitioner's 2000 petition was based on statute of limitations grounds, the dismissal is considered, for AEDPA purposes, as an adjudication on the merits.

/

/

/

The AEDPA provides that a claim presented in a second or successive federal habeas petition that was not presented in a prior petition shall be dismissed unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A), (B).

In his 2000 federal habeas challenge, petitioner raised the following claims: (1) the trial court held an illegal court proceeding in the absence of petitioner's counsel; (2) petitioner's Sixth and Fourteenth Amendment rights were violated "when the defense was deprived of the assistance of an investigator"; (3) the prosecution's "failure to comply with discovery prejudiced petitioner's right to a fair trial"; (4) "due process was violated when petitioner was tried without having a meaningful opportunity to prepare a defense"; (5) "petitioner was committed without reasonable or probable cause as to the charges of burglary and grand theft of an automobile"; (6) petitioner's rights under the Confrontation Clause "were violated by inconsistent statements used as substantive evidence"; (7) the trial court erroneously denied "the motion under Penal Code section 1118.1"; (8) petitioner's due process rights were violated by the trial court permitting the alternate juror to be present during the entire deliberation; (9) the trial court violated petitioner's due process rights by granting the prosecution's request to keep petitioner in handcuffs throughout the entire trial; and (10) ineffective and inadequate assistance of appellate counsel. (See Petition in Case No. CV 00-13146-CAS (Mc), filed on December 14, 2000). The action was dismissed with prejudice as untimely under 28 U.S.C. § 2244(d). (See Report and Recommendation in Case No. CV 00-13146-CAS (Mc), entered October 24, 2001, at pp. 1-9; see also Order Adopting Magistrate Judge's Report and Recommendation and Judgment, both entered on December 11, 2001). Petitioner's subsequent request for a certificate of appealability was granted by the Ninth Circuit

1 Court of Appeals. On June 10, 2005, the Ninth Circuit Court of Appeals affirmed this Court's
2 Judgment.
3 In the instant Petition, petitioner sets forth two claims that were not presented in the earlier
4 federal habeas action: (1) actual innocence; and (2) ineffective assistance of counsel. (See
5 Petition at 5). As to the actual innocence claim, petitioner argues that he was convicted without
6 sufficient evidence. (See id.). However, even if petitioner were asserting that he should be
7 permitted to file a successive petition under 28 U.S.C. § 2244(b)(2)(B)(ii) because he is actually
8 innocent of the crimes for which he was convicted, and petitioner's claims in the instant Petition
9 satisfied 28 U.S.C. § 2244(b)(2)(B) or, for that matter, § 2244(b)(2)(A), "[b]efore a second or
10 successive application permitted by this section is filed in the district court, the applicant shall
11 move in the appropriate court of appeals for an order authorizing the district court to consider the
12 application." 28 U.S.C. § 2244(b)(3)(A). There is no indication in the instant Petition, or in the
13 overall record, that petitioner obtained such authorization from the Ninth Circuit. See Burton v.
14 Stewart, 549 U.S. 147, 127 S. Ct. 793, 796, 166 L. Ed. 2d 628 (2007) (AEDPA requires petitioner
15 to receive authorization from the Court of Appeals before filing a second habeas petition). As
16 such, the Court is without jurisdiction to entertain the instant Petition under 28 U.S.C. § 2244(b).
17 See id.; Cooper, 274 F.3d at 1274 ("'When the AEDPA is in play, the district court may not, in the
18 absence of proper authorization from the court of appeals, consider a second or successive
19 habeas application.'").
20 With respect to petitioner's claim of ineffective assistance of counsel, he argues that his
21 appointed counsel on appeal to the Ninth Circuit from the district court's denial of his 2000 habeas
22 petition as untimely was ineffective. This claim is not cognizable because petitioner does not have
23 a constitutional right to counsel on federal habeas review, and thus ineffective assistance of post-
24 conviction counsel is not a ground for federal habeas relief. See Pennsylvania v. Finley, 481 U.S.
25 551, 555, 107 S. Ct. 1990, 95 L. Ed. 2d 539 (1987) (the right to appointed counsel and effective
26 assistance from such counsel extends to the first appeal as of right and no further); see also
27 Jeffers v. Lewis, 68 F.3d 299, 300 (9th Cir.) (en banc), cert. denied, 515 U.S. 1187, 116 S. Ct. 36,
28 132 L. Ed. 2d 917 (1995) (petitioner does not have a constitutional right to counsel in a collateral

proceeding); see, e.g., Cox v. Burger, 398 F.3d 1025, 1030 (8th Cir. 2005) (no federal constitutional right to counsel in a post-conviction proceeding; ineffective assistance of post-conviction counsel is not a ground for habeas relief) (citing Coleman v. Thompson, 501 U.S. 722, 752 (1991); 28 U.S.C. § 2254(i)); Tillet v. Freeman, 868 F.2d 106, 108 (3d Cir. 1989) (a claim of ineffective assistance of collateral post-conviction counsel is not a cognizable basis for federal habeas corpus relief).

Accordingly, the Court finds that dismissal of the instant Petition is appropriate as: (1) it is successive as to the actual innocence claim, and petitioner has not provided any documentation to this Court showing that he received authorization from the Ninth Circuit to file a successive petition; and (2) the ineffective assistance of counsel claim is not a cognizable basis for federal habeas relief.  IT IS THEREFORE ORDERED that the Petition is **dismissed without prejudice**.

DATED:  April 24, 2009

                                      HONORABLE CHRISTINA A. SNYDER
                                      UNITED STATES DISTRICT JUDGE

Presented by:

PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE